Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 2, 2015, convicting defendant upon his plea of guilty of the crimes of assault in the first degree and attempted assault in the second degree.
 

 In satisfaction of a three-count indictment, defendant pleaded guilty to assault in the first degree and attempted assault in the second degree stemming from his attack on two random individuals with a blade. Defendant was sentenced to consecutive prison terms of eight years on the first degree assault conviction and 1 to 3 years on the attempted assault conviction, followed by five years of postrelease supervision. Defendant appeals.
 

 We are unpersuaded by defendant’s contention that extraordinary circumstances exist that render the sentences imposed harsh and excessive. The record reflects that in imposing the sentences, County Court considered defendant’s mental health issues and substance abuse history, as well as his expressed remorse for his conduct. We do find merit, however, in defendant’s contention that the aggregate sentence imposed did not conform to the terms of the plea agreement. Initially, although “a trial court always retains discretion in fixing an appropriate sentence up until the time of the sentencing[,] . . . when the court wishes to depart from a promised sentence, it must either honor the promise or give the defendant the opportunity to withdraw the guilty plea” (People v Muhammad, 132 AD3d 1068, 1069 [2015] [internal quotation marks and citation omitted]). Whether there has been “compliance with a plea bargain is to be tested against an objective reading of the bargain, and not against a defendant’s subjective interpretation thereof” (People v Collier, 22 NY3d 429, 433 [2013] [internal quotation marks, brackets and citation omitted], cert denied 573 US —, 134 S Ct 2730 [2014]). Where a guilty plea is induced by an unfulfilled promise, it either must be vacated or the promise honored (see id. at 433).
 

 Here, although there was no mention of whether the sentences imposed were to run concurrently or consecutively, County Court repeatedly indicated that the terms of the plea agreement were that, if defendant pleaded guilty to the first two counts of the indictment charging assault in the first degree and attempted assault in the second degree, the minimum aggregate sentence imposed would be five years in prison and the maximum aggregate sentence would be 10 years in prison, followed by five years of postrelease supervision. A review of the express terms of the plea agreement, as well as the People’s recommendation at sentencing that a prison term of 10 years be imposed on the first degree assault conviction along with a concurrent prison term on the attempted assault conviction, demonstrates that “the reasonable understanding and expectations of the parties” was that, pursuant to the terms of the plea agreement, no more than an aggregate prison term of 10 years would be imposed {id. at 434 [internal quotation marks and citation omitted]). The court’s imposition of consecutive sentences resulted in an aggregate prison term of 11 years, which is inconsistent with the terms of the plea agreement. Therefore, we vacate the sentences and remit the matter to County Court to impose sentences that are consistent with the aggregate sentencing range specified in the plea agreement or to permit defendant to withdraw his plea.
 

 Peters, P.J., Lynch, Rose, Rumsey and Pritzker, JJ., concur.
 

 Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.